UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBIN FULLER,

    Plaintiff,

v.                                          Case No. 5:11-cv-136-Oc-10TBS

CITRUS CARDIOLOGY CONSULTANTS,
P.A.,

    Defendant.
_____

ORDER

Before the Court is defendant Citrus Cardiology Consultants, P.A.'s ("Citrus") Motion to Compel Discovery and Motion for Sanctions, filed on November 18, 2011. (Doc. 15.) Plaintiff did not file a response. For the reasons below, Citrus' motion is due to be GRANTED.

I. Facts and Background

On February 15, 2011, plaintiff served her complaint on Citrus. Plaintiff was formerly employed by Citrus and alleges that she was subjected to a hostile work environment and was retaliated against by Citrus as a result of her complaints to management. Citrus timely filed a Notice of Removal on March 14, 2011. On September 30, 2011, Citrus served its First Set of Interrogatories ("interrogatories") and its First Request for Production of Documents ("requests for production") to plaintiff. (Def.'s Mot. Ex. A.) Plaintiff's responses and any objections to the requests for production were due on or before October 31, 2011. Plaintiff did not respond to either the interrogatories or requests for production. On November 2, 2011, counsel for Citrus sent plaintiff's counsel a letter asking for responses to the discovery requests within ten

days and stating that all objections, except for privilege, had been waived by plaintiff's failure to respond by the October 31, 2011 deadline. To date, plaintiff has failed to respond or object to the interrogatories or requests for production.

Pursuant to Federal Rule of Civil Procedure 37(d), Citrus requests that the Court enter an Order (1) prohibiting plaintiff from supporting her claims or from introducing material responsive to discovery in evidence; (2) staying this matter until an Order to compel is obeyed; (3) dismissing this action if plaintiff fails to properly respond by producing all material responsive to the requests for production and fully answer the interrogatories within ten (10) days of the Court's Order; (4) requiring plaintiff or plaintiff's counsel to pay Citrus reasonable expenses incurred in filing the present motion; and/or (5) awarding such other relief as the Court deems just and appropriate.

## II. Legal Standard

Federal Rule of Civil Procedure 37(d)(ii) provides that the Court may order sanctions where "a party, after being properly served with interrogatories under Rule 33 or a requests for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(ii). The Court may award several types of sanctions as listed in Rule 37(b)(2)(A):

(I) directing that the maters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

    (v)       dismissing the action or proceeding in whole or in part;

    (vi)      rendering a default judgment against the disobedient party; or

    (vii)     treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). The Court has "substantial discretion in deciding whether and how to impose sanctions under Rule 37." Dealer Computer Servs., Inc. v. Claude Ray Ford Sales, Inc., No. 3:10-MC-2 (CDL), 2011 WL 3759773, at *2 (M.D. Ga. July 14, 2011) (quoting Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997)); see also Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993) (stating that courts have "broad discretion to fashion appropriate sanctions for violation of discovery orders[.]").

## III. Discussion

Citrus lawfully served plaintiff with discovery, including both interrogatories under Rule 33 and requests for production under Rule 34. Plaintiff has failed to respond to the discovery. Even after counsel for Citrus sent plaintiff's counsel a letter providing notice of plaintiff's failure to timely respond, plaintiff did not and has not responded to the discovery. The Court agrees that plaintiff's failure to respond to the interrogatories and requests for production will result in unfair prejudice to Citrus because Citrus is unable to fully respond to plaintiff's claims without this information.

Now, Plaintiff is ordered to answer all of the interrogatories and produce all material responsive to the requests for production within seven (7) days from the date

of this Order.[1]

Plaintiff is also ordered to pay Citrus its reasonable fees and costs incurred in filing the present motion. If, within ten (10) days, the parties are unable to agree upon the amount of fees and expenses to be paid to Citrus, then Citrus may file affidavits to support the amounts it claims, the plaintiff shall then have fourteen (14) days to respond and the Court will rule on the papers unless it finds a hearing is necessary.

If plaintiff fails to comply with this Order she runs the risk of the imposition of more serious sanctions.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida on December 5, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all counsel.

---

[1] The plaintiff has been aware of her obligation to provide this discovery since it was originally served. Therefore, this Court sees no reason why she should need any additional time to fulfill her discovery obligations.